KN:CRE
F.#2005R01107

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA         CONSENT ORDER
                                 OF FORFEITURE
    - against -
                                 CR-05-0543 (DLI)
AMER ALADDIN,

            Defendant.
- - - - - - - - - - - - - - - - -X

WHEREAS, on March 13, 2006, the defendant AMER ALADDIN ("the defendant") pled guilty to Count Three of the above-captioned Indictment charging a violation of 18 U.S.C. § 1001(a), to wit, making a false official statement regarding his attempted exportation of U.S. currency, for which the Government sought forfeiture pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c), 18 U.S.C. § 981, and 21 U.S.C. § 853; and

WHEREAS, the defendant has agreed to the entry of an Order of Forfeiture against him concerning the United States currency seized by law enforcement officers from him on or about June 7, 2005, as property involved in a violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5332(a);

WHEREAS, by virtue of the defendant having pled guilty to Count Three of the Indictment, having been notified of the forfeiture allegations of the Indictment pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), and having waived all of his

constitutional, legal and equitable defenses and rights to the forfeiture allegations of the Indictment, the United States is now entitled to the following property pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c), 18 U.S.C. § 981 and 21 U.S.C. § 853 as property involved in a violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5332(a):

> one hundred twelve thousand, nine hundred twelve dollars and no cents ($112,912.00) in United States currency;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c), 18 U.S.C. § 981 and 21 U.S.C. § 853, the defendant shall forfeit to the United States the aforementioned $112,912.00 (the "Forfeited Property").

2. This Consent Order of Forfeiture shall become final as to the defendant as of the date of his sentencing and shall be made part of the judgment.

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize and commence all necessary actions for the disposition of the Forfeited Property.

4. Upon entry of this Order, the United States Attorney General or his designee is authorized to commence any applicable proceedings necessary to comply with the statutes

governing the rights of third-parties, including giving notice of this Consent Order of Forfeiture.

5. The United States Department of Homeland Security shall publish notice of this Consent Order of Forfeiture in a newspaper of general circulation in this district, and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct.

6. Any person, other than the defendant, asserting a legal interest in the Forfeited Property must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Property, and for an amendment to this Order, pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c), 18 U.S.C. § 981 and 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(c).

7. Any petition filed by a third-party asserting an interest in the Forfeited Property shall (i) be signed by the petitioner upon penalty of perjury, (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property, and (iii) any additional facts supporting the petitioner's claim and relief sought.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Property as a

substitute for publishing notice as to those persons so notified.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. If no third-party files a timely claim, this Consent Order of Forfeiture shall become the Final Order of Forfeiture as to all persons, and the United States shall have clear title to the Forfeited Property thereunder.

11. The United States Marshals Service for the Eastern District of New York shall deposit all forfeited properties in accordance with applicable laws and regulations.

12. The Court shall retain jurisdiction to enforce this Consent Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant United States Attorney Cameron Elliot, United States Attorney's Office for the Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York.

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York

Dated: JUNE 14, 2006  By: _____
CAMERON ELLIOT
Assistant U.S. Attorney

Dated: JUNE 14, 2006  By: _____
RICHARD FINKEL, Esq.
Counsel for defendant

Dated: JUNE 14, 2006  By: _____
AMER ALADDIN
Defendant

Dated: Brooklyn, New York
June 14th, 2006

SO ORDERED.

Dora L. Irizarry
_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE